DeVer C. Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

DeVer H. Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

John Field, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Ira F. Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Bradford G. Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Margaret W. Field, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 53743–53747, 60453.  Promulgated November 11, 1932.

*Arthur M. Marsh, Esq.,* for the petitioners.
*Arthur Carnduff, Esq.,* for the respondent.

40

42

OPINION.

Marquette: The contention of the petitioners is that the capital assets of the Warner Brothers Company were allocated, part to the common stock and part to the preferred stock, and that so-called dividends paid out of capital assets to the preferred stockholders were paid from that portion allocated to the common stock. Hence, they say there was no distribution of capital assets applicable to the preferred stock and therefore there should be no deduction from the par value of that stock to determine its basic value for gain or

loss purposes. There is no dispute respecting the accuracy of respondent's computations if his premise is correct.

We can not agree with the petitioners. Whatever bookkeeping practice may have been adopted by the Warner Brothers Company, the fact remains that its capital assets constituted a single fund to which creditors and all classes of stockholders alike must look for payment of their claims. We know of no law, and none has been cited to us, by which corporate capital may be allocated among various classes of stock and each allocation made sacred to its assigned stock. Whatever benefit to a corporation and its stockholders may spring from such an allocation, it is simply an accounting device which can not vary or nullify the provisions of the revenue acts. These acts make no distinction. Section 201 (d) of the Revenue Act of 1926 is plain. It provides that:

If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of distribution shall be applied against and reduce the basis of the stock provided in section 204, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. * * *

The same language is used in the Revenue Act of 1928, section 115 (d).

Petitioners admit that the distributions to preferred stockholders, in the guise of dividends, were not wholly out of earnings or profits, but were in part out of capital. There is no contention that the distributions were in partial or complete liquidation of the Warner Company. It follows that to the extent that such distributions were made out of capital they constituted returns of capital to the petitioners. Respondent has determined that the earnings of the company were exhausted prior to the time when petitioners acquired the preferred stock in question, hence all the so-called dividends were paid out of capital. No evidence overthrowing that determination was presented.

Petitioners having thus received back a part of their capital through quarterly distributions, the cost basis of their preferred stock was reduced *pro tanto*, with resulting gain when they resold their stock to the company for par. This applies to petitioner Margaret W. Field as well as to the other petitioners, for after receiving some capital distributions upon her preferred stock she exchanged that stock for bonds which were redeemed by the company at par.

*Decision will be entered for the respondent.*